**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DIANE DABOVAL, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-1266** |
| **MILLER TRANSPORTERS, INC., et al.** | **SECTION: "G"(2)** |

## ORDER

Before the Court is Plaintiffs Diane Daboval and Daniel Daboval's (collectively, "Plaintiffs") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this matter to the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.

## I. Background

This lawsuit arises out of an accident between an 18-wheeler and a motorcycle which occurred on St. Bernard Highway (the "Highway") in Chalmette, Louisiana on January 12, 2013. Defendant Terry Dunn ("Dunn") was the operator of a 2011 Kenworth T660 18-wheeler owned by Defendant Miller Transportation, Inc. ("Miller"). Miller is insured by Greenwich Insurance Co. ("Greenwich"). Plaintiffs allege that Dunn attempted to make an illegal left hand "U-turn" from the right lane of travel, and that this maneuver resulted in a collision with motorcyclist Maxime L. Daboval, Jr. that caused his death.[2]

Plaintiffs filed this lawsuit on June 11, 2013 in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.[3] In the Petition, Plaintiff brings separate causes of action for negligence

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 1-2 at p. 2.

[3] *Id.*

1

against Dunn, Miller and the Louisiana Department of Transportation and Development ("DOTD").[4]   On June 2, 2014, Dunn, Miller,  Greenwich (collectively, "Removing Defendants") removed the case to federal district court, alleging that DOTD was fraudulently joined in order to defeat federal subject matter jurisdiction.[5] They contend that their removal was filed within 30 days of receiving discovery responses from DOTD  and an expert report that "indicated an absence of DOTD liability in this case."[6]

Plaintiffs filed the pending motion to remand on September 23, 2014,[7] and Defendants filed a memorandum in opposition on November 4, 2014.[8] Also on November 4, 2014, DOTD filed a "Motion/Brief of Clarification,"[9] which was marked as deficient by the Clerk of the Court because it was improperly captioned and formatted. DOTD was given until November 12, 2014 to remedy the deficiency, but failed to do so. Accordingly, the DOTD's pleading was terminated. Similarly, Removing Defendants filed a supplemental memorandum on November 11, 2014.[10] This briefing was also marked as deficient by the Clerk of the Court, this time because Removing Defendants failed to obtain leave from the Court prior to filing the document.   Removing Defendants were given until November 19, 2014 to remedy the deficiency, but failed to do so. Accordingly, the only

---

[4] *Id.*

[5] Rec. Doc. 1-1.

[6] Rec. Doc. 1 at ¶ 8.

[7] Rec. Doc. 19.

[8] Rec. Doc. 23.

[9] Rec. Doc. 25.

[10] Rec. Doc. 27.

pleadings properly before the Court are Plaintiffs' "Motion to Remand"[11] and Removing Defendants' first memorandum in opposition.[12]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of Remand*

Plaintiffs argue that there is a reasonable possibility that DOTD will be found negligent because it knew or should have known that commercial vehicles were crossing the Highway at the location of the accident.[13] According to Plaintiffs, the accident occurred near the St. Bernard Terminal, within "very close proximity of oil and chemical plants along the Highway."[14] Plaintiffs contend that the space required for a "U-turn" of an 18-wheeler with a 43.5 foot trailer is more than 90 feet, but that two experts have inspected the accident site and found that:

> the total distance from the north shoulder edge available for the 'U-turn' used by defendant in this accident measured only about 75 feet and the total station data included in the accident report is about 70 feet to the south road edge line. Segments of median cross over curbing show depression and damage apparently from heavy commercial vehicles attempting to use the crossover cuts.[15]

According to Plaintiffs, the "damaged condition of the curbing put DOTD on notice that a 'U' turn was unsuitable for the commercial vehicles that frequent the area and that the use of this 'U' turn by such vehicles creates an unreasonable risk of harm."[16] Plaintiffs argue that DOTD failed to erect signs to indicate to unfamiliar drivers that there was an alternative, safe turn-around in the vicinity.

---

[11] Rec. Doc. 19.

[12] Rec. Doc. 23.

[13] Rec. Doc. 19-1 at pp. 5–6.

[14] *Id.*

[15] *Id.* at p. 4.

[16] *Id.* at p. 5.

Based on these facts, according to Plaintiffs, there is a reasonable possibility that DOTD will be found negligent and assigned some liability for accident.[17]

**B.      *Removing Defendants' Arguments in Opposition to Remand***

In opposition to remand, Removing Defendants first argue that DOTD is an "arm of the state," and is accordingly not considered a citizen of Louisiana for purposes of diversity jurisdiction.[18] They contend that if DOTD does not waive its sovereign immunity, this Court has subject matter jurisdiction over this action because DOTD was fraudulently joined.[19] Next, according to Removing Defendants, remand is only appropriate if Plaintiffs produce sufficient evidence to show a reasonable probability of recovery against DOTD.[20] Plaintiffs cannot make this showing, Removing Defendants argue, because there was no vice or defect in the roadway, and because the accident at issue was caused solely by the actions of the two drivers involved.[21]Further, they allege that Plaintiffs have failed to establish that the intersection at issue constituted an unreasonable risk of  harm absent a U-turn sign.[22] Finally, according to Removing Defendants, Plaintiff has failed to identify any violation  by DOTD of a statute, law, code, guideline or Manual on Uniform Traffic Control Devices ("MUTCD")  or American Association of State Highway and Transportation Officials ("AASHTO") regulations.[23]

---

[17] *Id.* at pp. 5–6.

[18] Rec. Doc. 23 at p. 1.

[19] *Id.* at p. 2.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at pp. 3–4.

### III. Law and Analysis

#### A.    *Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[24] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[25] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[26]

Fraudulent joinder provides a "narrow exception" to the complete diversity requirement for removal jurisdiction.[27] "The party seeking removal bears [the] heavy burden of proving that joinder of the in-state party was improper."[28] Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor.[29] The court must also take into account the "status of discovery" and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant.[30] The district court is "not to conduct a mini-trial" of the plaintiff's claims, but must only determine whether there is a possibility that the plaintiff had set forth a valid cause

---

[24] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[25] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[26] 28 U.S.C. § 1332(a)(1).

[27] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

[28] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*).

[29] *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

[30] *Id.*

of action against that defendant.[31] Unless it is clear that the non-diverse defendant has been fraudulently joined, the case should be remanded to the state court from which it was removed.[32]

If a non-diverse defendant has been improperly joined to an action, a party may remove the action by showing either (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant.[33] Here, Removing Defendants have not alleged actual fraud in pleading jurisdictional facts; accordingly, the first prong of the improper joinder test is not at issue in this case. Under the second method, "joinder is improper if 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'"[34]

District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[35] Second, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[36] If a court decides to "pierce the pleadings" when assessing a claim of fraudulent joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual

---

[31] *Id.* at 336 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[32] *Id.* at 337.

[33] *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 646-47).

[34] *Id.  See also Landry v. State Farm Fire & Cas.*, 428 F.Supp.2d, 531, 536 (E.D. La. 2006) (Fallon, J.).

[35] *Id.*

[36] *Id.*

allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor.[37] However, in conducting a summary inquiry for the purposes of determining fraudulent joinder, the court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[38] In other words, where courts choose to pierce the pleadings, the party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.[39]

## B.    Analysis

As stated above, the first prong of the improper joinder test is not at issue here because Removing Defendants do not contend that there was any fraud in the pleading of jurisdictional facts. They do, however, focus on the second basis for improper joinder. In resolving this issue, the Court must determine "whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against the in-state defendant."[40]

Under Louisiana law,  DOTD is charged with the duty of keeping its highways and shoulders in a reasonably safe condition.[41] This duty includes the specific duty of providing adequate

---

[37] *Travis*, 326 F.3d at 648–49.

[38] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

[39] *Travis*, 326 F.3d at 650.

[40] *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648) (emphasis added; internal citation and quotations omitted).

[41] *See Myers v. State Farm Mut. Auto. Ins. Co.*, 493 So.2d 1170, 1171–1172 (La.1986).

warnings of dangerous conditions on the highways, sufficient to alert the ordinary, reasonable motorist, to the character of the road and the use reasonably to be anticipated.[42] Louisiana law allows a plaintiff to proceed against a public entity, such as the State through DOTD, under a theory of negligence based on La. R.S. 9:2800. The plaintiff must prove that: (1) the thing that caused her damages was in DOTD's custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) DOTD possessed actual or constructive notice of the defect, and failed to take corrective measures to remedy the defect within a reasonable period of time; and (4) the defect was a cause in fact of the plaintiff's injuries.[43] Constructive notice shall mean the existence of facts which infer actual knowledge.[44]

The Court finds that Plaintiffs have alleged sufficient facts to state a plausible cause of action against DOTD for negligent failure to warn. First, the parties do not dispute that DOTD had custody of the highway. Plaintiffs allege in their petition that DOTD negligently failed to provide adequate warnings with respect to safe and unsafe turnarounds for 18-wheelers on the Highway, especially "given the excessive amounts of truck and 18 wheeler traffic and the significant amount of curb and median damages caused by said 18 wheelers and large trucks making or attempting to make u-turns up and down St. Bernard Highway."[45] Plaintiffs therefore allege that DOTD had knowledge of a defective condition and failed to take corrective action, thereby causing them damages. For this reason, viewed in the light most favorable to the plaintiff, Removing Defendants have not satisfied

---

[42] See Niles v. Cox, 11-2153, 2012 WL 1078231, at *2 (W.D. La. Mar. 29, 2012).

[43] Toston v. Pardon, 03–1747 (La.4/23/04), 874 So.2d 791, 798–799.

[44] La. R.S. 9:2800(D).

[45] Rec. Doc. 1-2 at ¶ 5.

their burden of demonstrating that there is *no possibility* of recovery by Plaintiff against DOTD. To the contrary, in accordance with the above analysis, under Louisiana law, there is a reasonable basis for recovery against DOTD. Thus, because the DOTD is non-diverse, this Court cannot exercise diversity jurisdiction over this case.[46]

Removing Defendants' arguments to the contrary do not change this result. First, their arguments as to the cause of the accident or the existence of a vice or defect in the roadway is inapposite because, as stated above, the Court does not "conduct a mini-trial" of the plaintiff's claims during a fraudulent joinder analysis, but only determines whether there is a *possibility* that the plaintiff had set forth a valid cause of action against that defendant.[47] Moreover, this evidence, even if true, does nothing to undermine Plaintiffs' allegations that DOTD was negligent for failure to warn. Additionally, Removing Defendants's argument that this Court would have subject matter jurisdiction in this case if DOTD waived its sovereign immunity is irrelevant because DOTD has not, in fact, waived its sovereign immunity in this case.

Finally, Removing Defendants' argument that Plaintiffs have not identified a specific violation by DOTD of MUTCD or AASHTO regulations does not support a conclusion of fraudulent joinder. It is well settled that compliance with the provisions of the MUTCD, which is mandated by Louisiana Revised Statute 32:235, is prima facie proof of DOTD's absence of fault when an injured motorist attempts to predicate DOTD's liability on improper signalization or road marking.[48]

---

[46] *Ford v. Elsbury*, 32 F.3d 931, 939 (5th Cir. 1994) (holding that, where the evidence viewed in the light most favorable to the plaintiff at least raises even the possibility that the plaintiff could succeed in establishing a claim against the Louisiana defendant under Louisiana law, remand is required).

[47] *Id.* at 336 (citing *Travis*, 326 F.3d at 646-47).

[48] La. R.S. 32:235(E); *Jacques v. State ex rel. Transportation and Development*, 2003–2226 (La. App. 1st Cir. 9/17/04), 905 So.2d 294, writ denied, 2004–3013 (La.2/18/05), 896 So.2d 36.

However, Plaintiffs have submitted the affidavit of two experts, O.F. Griffith and Raymond Burkart, Jr., wherein they attest that an inspection of the accident site indicated that heavy commercial vehicles attempted to cross the highway at that point, and that the space available for a U-turn at the site is less than that required under AASHTO regulations.[49]  Considering this evidence, the Court cannot find that Removing Defendants have satisfied their burden of negating the possibility that DOTD may be held liable in this action.[50] Since it is not clear that DOTD has been fraudulently joined, this case should be remanded to the state court from which it was removed.[51]

### IV. Conclusion

Based on the foregoing, the Court finds that Removing Defendants have failed to carry their heavy burden of establishing that DOTD has been fraudulently joined to this action. Because this Court lacks subject matter jurisdiction in this case, remand to state court is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Remand"[52] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of April, 2015.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[49] Rec. Doc. 19-2 at pp. 2; 11.

[50] *Travis*, 326 F.3d at 650.

[51] *Id.* at 337.

[52] Rec. Doc. 19.